Stacey D. Adams, Esq. (Id. # 022481998)
**LITTLER MENDELSON, P.C.**
One Newark Center
8th Floor
Newark, NJ  07102
973.848.4700
Attorneys for Plaintiff
    Golden Dragon Holding Co.

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Golden Dragon Holding Co.,<br><br>                Plaintiff,<br><br>vs.<br><br>Gary M. Cohen,<br><br>                Defendant. | Civil Action No. *To Be Assigned*<br><br>**COMPLAINT** |

Golden Dragon Holding Co. ("Golden Dragon" or the "Company"), now doing business as CannaPharmaRx, Inc., through its attorneys files this Complaint against Defendant Gary M. Cohen ("Defendant" or "Cohen") and states as follows:

### THE PARTIES, JURISDICTION, AND VENUE

1. Golden Dragon is a Delaware corporation with its principal place of business located at 1 Collins Drive, Suite 100, Carney's Point, New Jersey 08069.  Effective October 22, 2014, Golden Dragon was renamed CannaPharmaRx, Inc., a Delaware corporation. ("Delaware CPRx").

2. Cohen is an individual residing in Hillsborough County, Florida. Cohen previously served as President and on the Board of Directors of CannaPharmaRx, Inc., a Colorado corporation ("Colorado CPRx"). Colorado CPRx is a separate corporation from Delaware CPRx.

Cohen also has been a member of the Board of Directors of Golden Dragon.

3. The United States District Court for the District of New Jersey has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states, and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the State of New Jersey where Golden Dragon maintains its principal place of business.

## FACTS

5. On May 9, 2014, Cohen was appointed to Golden Dragon's Board of Directors. Cohen has never owned or been issued any stock in Golden Dragon, nor has he ever had any controlling ownership in Golden Dragon. At the time Cohen was appointed to Golden Dragon's Board, Cohen also was providing consulting services to Colorado CPRx through its headquarters in Colorado. Cohen's services to Colorado CPRx were provided as an at-will consultant who served at the pleasure of the majority of the company's Board of Directors. In addition, Cohen held an officer position for Colorado CPRx and was a member of its Board of Directors.

6. On or about September 23, 2014, Board members for Golden Dragon and Colorado CPRx (the "Board"), informed Cohen, in person and during a Board meeting in New Jersey, that the Board was dissatisfied with his performance, conduct and business communications with Board members and within Colorado CPRx. In lieu of removing Cohen from his officer and Board positions at that time, the Board agreed to let Cohen remain in the positions subject to immediate improvement in his performance, conduct and business communications. After a brief period of improvement, by early October 2014, Cohen had fallen back into the same patterns of unsatisfactory performance, conduct and communications.

7. On October 17, 2014, Golden Dragon and Colorado CPRx informed Cohen by

2

phone that he would be removed as a Board member of Golden Dragon, and as an officer and Board member of Colorado CPRx. Mr. Cohen was further informed he no longer had any authority to act for or on behalf of Golden Dragon or Colorado CPRx in any capacity, and that he was being relieved of his day-today consulting services to Colorado CPRx. Mr. Cohen responded in part by telephoning one of Colorado CPRx's officers and threatening, "If I am not made whole, no one will be whole. I'm going to blow this whole thing up." Colorado CPRx subsequently notified Mr. Cohen in writing, on October 21, 2014, that the majority of Colorado CPRx's and Golden Dragon's Board of Directors had met and decided that Mr. Cohen had no authority to act in any capacity for Colorado CPRx or Golden Dragon, and the prohibition expressly included "engaging in any business-related communications on Colorado CPRx's or Golden Dragon's behalf."

      8.    Cohen had no employment or consulting contract with Colorado CPRx, nor any legal right or entitlement to any separation pay or benefits from Colorado CPRx, or any offer of settlement. Nonetheless, Colorado CPRx offered to work with Cohen to provide him with some type of separation arrangement. Cohen then started making exorbitant and unjustified financial and stock issuance demands to Colorado CPRx, and demanded that Colorado CPRx pay him enormous amounts of cash and stock, valued in the millions of dollars. Colorado CPRx rejected Cohen's exorbitant payment and stock demands. When Colorado CPRx made what it thought was a very generous offer of pay and stock to Cohen, Cohen summarily rejected the offer, threatened to "destroy the company" and warned, "If I go down, I'm taking the company down with me."

      9.    Colorado CPRx feared Cohen would try to make good on his unlawful threats and impair the industry reputation and funding sources of a fledgling publicly traded company still in its infancy stage. Out of such fear, Colorado CPRx made a further effort to offer Cohen a reasonable money settlement and stock so that he would not try to destroy the company or, in his

3

words, "take it down" with him. Cohen declined the offered terms. Then, with assistance from his legal counsel, he began making purported whistleblower assertions and, October 30, 2014, filed a lawsuit against Colorado CPRx and one of its officers and directors, Gary Herick, in Hillsborough County, Florida, docket number 14-CA-010970. Neither Golden Dragon nor Delaware CPRx are named parties in this Complaint.

10. The face of his lawsuit contains purposely sensationalized and demonstrably false allegations about Colorado CPRx, and particularly with respect to Mr. Herick. It also contains a purported derivative shareholder action despite the fact that Cohen had previously been notified in writing by Golden Dragon and Colorado CPRx that he had no approval or authority to file any such derivative shareholder action in Colorado CPRx's name or on its behalf. By going ahead and filing such an unapproved and unauthorized claim anyway, Cohen violated his corporate fiduciary duties, and also failed to abide by the requirements of Colorado corporate law and Colorado CPRx's corporate Bylaws.

11. The day after filing the lawsuit, Cohen's legal counsel sent a letter to Colorado CPRx's counsel which stated on Cohen's behalf that he would welcome exploring settlement again with Colorado CPRx. Yet, Cohen had been expressly notified previously in writing by Colorado CPRx that the terms of Colorado CPRx's final financial and stock offer would expire at 7:00 pm on Tuesday, October 27, 2014 — which terms did expire four days prior.

12. On October 30, 2014, Cohen, personally and/or through Karim Bandealy, Cohen's authorized agent or representative who works for Cohen in Cohen's home, used interstate electronic media, and the National Association of Cannabis Pharmacy's (NACP) website, to publish a purported press release for Golden Dragon and Colorado CPRx's shareholders and investors, as well as to members of the canna-pharma industry in general, who are members of the NACP and/or subscribers to its website. Exhibit A to this complaint is a copy of the purported

4

press release as posted on the NACP's website by Mr. Bandealy. Cohen, personally and/or through his authorized agent or representative Mr. Bandealy, additionally misused the NACP's website to make it appear that the NACP was issuing the press release, when in fact it was Cohen and/or his authorized agent or representative Mr. Bandealy, who was sending the purported press release for Cohen's improper purpose of trying to destroy Golden Dragon and Colorado CPRx, as well as the personal reputation of Mr. Gary Herick. Exhibit B to this Complaint is a copy of the purported press release as forwarded "from" NACP's email address. The purported press release provides an intentionally slanted summary of the purposely sensationalized and demonstrably false allegations contained in Cohen's lawsuit filed in Hillsborough County, Florida. The press release also contains purported quotes from Cohen that are intentionally disparaging and defamatory of Colorado CPRx and one of its and Golden Dragon's Board members and officers, Mr. Gary Herick. Finally, Cohen attached to the purported press release an article titled, "FINRA, SEC Warn Investors About Penny Stock Scams Hyping Dormant Shell Companies." This article had nothing to do with Golden Dragon or Colorado CPRx, but was attached to the purported press release in an obvious attempt to falsely associate Golden Dragon and Colorado CPRx with "penny stock scams."

13. On October 31, 2014, Cohen additionally caused his purported press release, along with the FINRA/SEC "penny stock scam" article, to become published in the Cannabis Pharma Journal. On or about October 31, 2014, Cohen also sent the same purported press release to the FSX Interlinked investment community while using the FSX Interlinked website in apparent violation of the website's Code of Ethics.

14. Similarly, on November 4, 2104, Mr. Cohen improperly used an account that NACP has with PR Newswire to distribute widely his purported press release on the PR Newswire. Cohen intentionally misused PR Newswire because of its vast interstate and even

5

international internet audience. He also purposely did this on PR Newswire so his purported press release could be readily viewed by Golden Dragon and Colorado CPRx shareholders and investors who frequent popular domains such as Yahoo! Finance. On November 4, 2014 and again on November 5, 2014, Golden Dragon's and Colorado CPRx's counsel demanded, through Cohen's counsel, that Cohen take down his purported press release off of PR Newswire's website immediately. To date, Cohen has failed or refused to do so.

15. Cohen obviously is using the sensationalized and demonstrably false allegations from his lawsuit as a pretext to carry out, very publicly, Cohen's previous threats and warnings to "blow up," destroy and bring down Colorado CPRx, unless Colorado CPRx paid him large sums of money and stock to which he otherwise has no legal right or entitlement. He also was using the purported press release to intentionally and maliciously defame Mr. Herick.

16. Cohen's financial and stock demands, coupled with his threats of destruction and now ongoing efforts, including through his intentional misuse of widely disseminated electronic media, to try to destroy Golden Dragon and Colorado CPRx, and Herick's reputation, have caused and will continue to cause significant economic and reputation damage to Golden Dragon, Colorado CPRx, and to their officers, directors, shareholders and investors, including Mr. Herick.

## COUNT I
### TORTIOUS INTERFERENCE WITH CURRENT AND PROSPECTIVE BUSINESS RELATIONSHIPS AND ADVANTAGES

17. Golden Dragon repeats and realleges the allegations set forth in paragraphs 1 through 16 as if set forth herein in full.

18. Through his improper use of interstate electronic media and communication systems, and his intentional efforts to try to destroy Golden Dragon and coerce Golden Dragon's shareholders and investors to de-invest in and separate from Golden Dragon, Cohen has tortiously interfered with and continues to tortuously interfere with Golden Dragon's current and

6

prospective business advantages and relationships between Golden Dragon and its shareholders, investors, and financial services providers, as well as with its future shareholders, investors, financial services providers, suppliers, distributors, and customers.

19. Cohen's conduct was and is malicious, intentional, without legal justification or excuse, and has been with knowing disregard of Golden Dragon's rights and ongoing and prospective business relationships and advantages.

20. Golden Dragon has reasonably anticipated certain economic benefits and advantages from its current business relationships and with its future shareholders, investors, financial services providers, suppliers, distributors and customers. In the absence of Cohen's intentionally wrongful conduct and interferences, Golden Dragon would have derived and continued to derive those economic benefits and advantages.

21. The damage to the relationships between Golden Dragon and its shareholders, investors, and financial services providers, and to its prospective relationships with its shareholders, investors, financial services providers, suppliers, distributors, and customers, coupled with the deprivation of the anticipated economic benefits and business advantages therefrom, have caused and will continue to cause Golden Dragon to suffer damages and severe and immediate harm.

## COUNT II
## DEFAMATION – LIBEL

22. Golden Dragon repeats and realleges the allegations set forth in paragraphs 1 through 21 as if set forth herein in full.

23. Through his improper use of interstate electronic media and communications systems as detailed above, Mr. Cohen has willfully and maliciously published to third parties, in writing, knowingly false statements regarding Golden Dragon, its subsidiary Colorado CPRx, and

one of their officers and Board members, Mr. Herick.

24. Cohen's false statements include: (a) his public comparison and association -- over the internet – of Golden Dragon, Colorado CPRx and/or Delaware CPRx to "penny stock scams"; (b) that shareholders were not provided with any accounting or financial documents; (c) that the Board ignored requests for Mr. Herick's resignation; (d) that the Board ignored other requests for accountability that were in the best interests of shareholders; (e) that gross mismanagement, bad faith and/or reckless disregard of the rights and interests of the corporation and its shareholders occurred; (f) that a lack of cooperation and irresponsibility keeps mounting within the company and is getting worse; (g) that the company is violating federal securities laws, internal revenue statutes and Sarbanes-Oxley rules; and, (h) that Mr. Herick has unfairly influenced Board members with stock and other perks to maintain control of the company. All of these statements are demonstrably false and, as disseminated by Cohen over the internet, are not protected by any legal privilege.

25. The false statements have harmed Golden Dragon's reputation and have deterred, and will continue to deter, third parties, including shareholders and investors, and prospective shareholders and investors, from doing business with Golden Dragon.

26. Mr. Cohen acted with actual malice when he made the false statements.

27. Golden Dragon has suffered damages and will continue to suffer damages as a result of Mr. Cohen's publication of the false statements, including loss of investments, loss of funding, and stock price drop.

**WHEREFORE,** Golden Dragon seeks judgment against Cohen for damages, punitive damages, costs of suit, counsel fees and such other and further relief as this Court may deem just and proper. In addition, Golden Dragon seeks an order of injunctive relief which:

A. DIRECTS COHEN IMMEDIATELY TO CEASE AND DESIST HIS UNLAWFUL AND TORTIOUS INTERFERENCE, INCLUDING BY ANY ELECTRONIC MEANS, WITH

GOLDEN DRAGON'S AND DELAWARE CPRX'S BUSINESS AND BUSINESS RELATIONSHIPS, AND WITH THEIR PROSPECTIVE BUSINESS RELATIONSHIPS WITH SHAREHOLDERS, INVESTORS, SUPPLIERS, DISTRIBUTORS AND CUSTOMERS.

B. DIRECTS COHEN TO CEASE AND DESIST HIS UNLAWFUL DEFAMATION, INCLUDING BY ELECTRONIC MEANS, OF GOLDEN DRAGON, DELAWARE CPRX AND THEIR OFFICERS AND DIRECTORS, INCLUDING MR. HERICK.

C. DIRECTS COHEN TO RETURN IMMEDIATELY ANY AND ALL OF GOLDEN DRAGON'S AND DELAWARE CPRX'S PROPERTY, INCLUDING THEIR BUSINESS DOCUMENTS AND RECORDS WHETHER IN HARD COPY OR ELECTRONIC FORM.

D. DIRECTS COHEN THAT HE IS PROHIBITED FROM POSSESSING, USING OR DISCLOSING ANY OF GOLDEN DRAGON'S AND DELAWARE CPRX'S CONFIDENTIAL AND TRADE SECRET BUSINESS INFORMATION.

E. DIRECTS COHEN TO PRESERVE ALL RELEVANT EVIDENCE RELATED TO THE CLAIMS ALLEGED IN THIS COMPLAINT.

/s/ Stacey D. Adams
Stacey D. Adams, Esq. (Id. # 022481998)
LITTLER MENDELSON, P.C.
Attorneys for Plaintiff
Golden Dragon Holding Co.

Dated: November 11, 2014

Firmwide:129945177.3 082574.1000



Log in     Become a Corporate Member     Become an Individual Member



**NACP**
National Association of Cannabis Pharmacy

# CannapharmaRx, aka Golden Dragon Holding Company (Stock symbol GDHC) and its CFO sued by Co-Founder, major Shareholder, and Member of the Board of Directors

October 30, 2014  /  in Uncategorized  /  by Karim Bandealy



**Tampa, Florida** – Gary M Cohen, BSPharm, RPh, CSP, the founder and visionary of the CannapharmaRx, Inc., filed a lawsuit against the corporation, and its CFO, Mr. Gary Herick.

The suit alleges that Gary Herick, and the company's board of directors **breached their fiduciary responsibility** to the company, its employees and shareholders. Additional counts alleged in the suit include **equitable accounting, breach of duty of good faith, duty of loyalty & duty of care, abuse of control, conversion, misappropriation of business opportunities, and defalcation.**

Cohen filed an additional derivative suit (under F.S 607.07401) on behalf of the CannapharmaRx Corporation. The lawsuit alleges that the Boards failure to

remove Herick, after he would not provide shareholders with any accounting or financial documents is a breach of their fiduciary duties. Cohen alleges that the Board ignored requests for Herick's resignation, as well as other requests for accountability that were in the best interests of its shareholders. The suit further alleges that the wrongful conduct was not due to an honest error in judgment, but rather to Defendant's gross mismanagement, bad faith and/or reckless disregard of the rights and interests of the corporation, its shareholders, and for acting without the reasonable and ordinary care which they owed the corporation.

Cohen has also sued for **breach of written contract, breach of oral contract, and wrongful termination & retaliatory personnel action in violation of Florida's Whistleblower Act at §448.102(3), Florida Statuâtes**.

According to Cohen, "I have been trying for months to get this company moving in the proper direction, but the lack of cooperation and irresponsibility keeps mounting and getting worse. I cannot sit back and watch this company violate Federal Securities and Internal Revenue statutes, as well as violations of Sarbanes Oxley rules. Cohen alleges that he tried to regain control of the Board of Directors, but Herick maintains a firm control of it, and has unfairly influenced the Board members with stock and other perks to support Herick. "I will continue to attempt to regain control of the company, and steer it to its original mission and vision," Cohen stated. Cohen plans on making all emails and corporate documents available to all shareholders for review.

For a full copy of the suit, see Hillsborough Court # 14-CA-010970
email gcohen59@gmail.com

Contact: Gary M Cohen 813 416 5300

CannapharamRx/Lawsuit/Press release 14-01-10302014

### Share this entry

### FIND US

National Association of Cannabis Pharmacy (NACP)
1200 18th St., NW, Ste. 700

Washington, DC 20036

p: (703) 910-2107

## QUICK LINKS

About Us

Become a Member

Education

Meetings

Publications

Contact Us

## CONNNECT WITH US

**Follow**
on Twitter

**Subscribe**
to RSS Feed



© 2014 - National Association of Cannabis Pharmacy - Enfold Theme by Kriesi

About Us
Become a Member
Education
Meetings
Publications
Contact Us



# **EXHIBIT B**

---

**From:** National Association of Cannabis Pharmacy <info@cannabisrx.org>
**Date:** October 30, 2014 at 5:33:45 PM EDT
**To:** <gemgari@aol.com>
**Subject: CannaPharmaRx Sued By Major Shareholder**
**Reply-To:** National Association of Cannabis Pharmacy <info@cannabisrx.org>

---

View this email in your browser

## **CannapharmaRx, aka Golden Dragon Holding Company (Stock symbol GDHC) and its CFO sued by Co-Founder, major Shareholder, and Member of the Board of Directors**

**Tampa, Florida** – Gary M Cohen, BSPharm, RPh, CSP, the founder and visionary of the CannapharmaRx, Inc., filed a lawsuit against the corporation, and its CFO, Mr. Gary Herick.

1

# **EXHIBIT B**

The suit alleges that Gary Herick, and the company's board of directors **breached their fiduciary responsibility** to the company, its employees and shareholders. Additional counts alleged in the suit include **equitable accounting, breach of duty of good faith, duty of loyalty & duty of care, abuse of control, conversion, misappropriation of business opportunities, and defalcation.**

Cohen filed an additional derivative suit (under F.S 607.07401) on behalf of the CannapharmaRx Corporation. The lawsuit alleges that the Boards failure to remove Herick, after he would not provide shareholders with any accounting or financial documents is a breach of their fiduciary duties. Cohen alleges that the Board ignored requests for Herick's resignation, as well as other requests for accountability that were in the best interests of its shareholders. The suit further alleges that the wrongful conduct was not due to an honest error in judgment, but rather to Defendant's gross mismanagement, bad faith and/or reckless disregard of the rights and interests of the corporation, its shareholders, and for acting without the reasonable and ordinary care which they owed the corporation.

Cohen has also sued for **breach of written contract, breach of oral contract, and wrongful termination & retaliatory personnel action in violation of Florida's Whistleblower Act at §448.102(3), Florida Statutes.**

According to Cohen, "I have been trying for months to get this company moving in the proper direction, but the lack of cooperation and irresponsibility keeps mounting and getting worse. I cannot sit back and watch this company violate Federal Securities and Internal Revenue statutes, as well as violations of Sarbanes Oxley rules. Cohen alleges that he tried to regain control of the Board of Directors, but Herick maintains a firm control of it, and has unfairly influenced the Board members with stock and other perks to support Herick. "I will continue to attempt to regain control of the company, and steer it to its original mission and vision," Cohen stated. Cohen plans on making all emails and corporate documents available to all shareholders for review.

For a full copy of the suit, see Hillsborough Court # 14-CA-010970

Email gcohen59@gmail.com

Contact: Gary M Cohen 813 416 5300

**EXHIBIT B**

# FINRA, SEC Warn Investors About Penny Stock Scams Hyping Dormant Shell Companies

WASHINGTON—The Financial Industry Regulatory Authority (FINRA) and the Securities and Exchange Commission's (SEC) Office of Investor Education and Advocacy today issued an alert warning investors that some penny stocks being aggressively promoted as great investment opportunities may in fact be stocks of dormant shell companies with little to no business operations.

The investor alert provides tips to avoid pump-and-dump schemes in which fraudsters deliberately buy shares of very low-priced, thinly traded stocks and then spread false or misleading information to pump up the price. The fraudsters then dump their shares, causing the prices to drop and leaving investors with worthless or nearly worthless shares of stock.

Gerri Walsh, FINRA's Senior Vice President for Investor Education, said, "Investors should be on the lookout for press releases, tweets or posts aggressively promoting companies poised for explosive growth because of their 'hot' new product. In reality, the company may be a shell, and the people behind the touts may be pump-and-dump scammers looking to lighten your wallet."

"Fraudsters continue to try to use dormant shell company scams to manipulate stock prices to the detriment of everyday investors," said Lori J. Schock, Director of the SEC's Office of Investor Education and Advocacy. "Before investing in any company, investors should always remember to check out the company thoroughly."

The investor alert highlights five tips to help investors avoid scams involving dormant shell companies:

- **Research whether the company has been dormant—and brought back to life.** You can search the company name or trading symbol in the SEC's EDGAR database to see when the company may have last filed periodic reports.
- **Know where the stock trades.** Most stock pump-and-dump schemes involve stocks that do not trade on The NASDAQ Stock Market, the New York Stock Exchange or other registered national securities exchanges.
- **Be wary of frequent changes to a company's name or business focus.** Name changes and the potential for manipulation often go hand in hand.
- **Check for mammoth reverse splits.** A dormant shell company might carry out a 1-for-20,000 or even 1-for-50,000 reverse split.
- **Know that "Q" is for caution.** A stock symbol with a fifth letter "Q" at the end denotes that the company has filed for bankruptcy.

FINRA is the largest non-governmental regulator for all securities firms doing business in the United States. FINRA is dedicated to investor protection and market integrity through effective and efficient regulation and complementary compliance and technology-based services. FINRA touches virtually every aspect of the securities business—from registering and educating all

# **EXHIBIT B**

industry participants to examining securities firms, writing and enforcing rules and the federal securities laws, informing and educating the investing public, providing trade reporting and other industry utilities, and administering the largest dispute resolution forum for investors and registered firms. For more information, please visit our website at www.finra.org.

Copyright © 2014 Cannabis Pharma Journal, All rights reserved.

unsubscribe from this list    update subscription preferences